UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SMITH, | No. C 13-206 SI (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| RANDY GROUNDS, warden, | |
| Respondent. | |

## INTRODUCTION

Anthony Smith, an inmate at the Salinas Valley State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as untimely. Smith has not filed an opposition to the motion to dismiss. For the reasons discussed below, the court dismisses the untimely petition.

## BACKGROUND

Smith was sentenced to 38 years to life in prison following his conviction in 2007 in Alameda County Superior Court for first degree residential burglary with enhancements for prior convictions and prior prison terms. He appealed. The California Court of Appeal affirmed the judgment of conviction on March 16, 2009. The California Supreme Court denied the petition for review on May 20, 2009.

Thereafter, Smith filed numerous habeas petitions in state court. Some of those petitions were pending during overlapping time periods. The petitions fall into two groups: those filed in 2009 and those filed in or after 2011.

The first group of petitions were filed and resolved in 2009. The first state habeas petition was filed in the California Court of Appeal on August 24, 2009, and was denied on August 26, 2009. The second state habeas petition was filed in the Alameda County Superior Court on September 8, 2009, and was denied on September 23, 2009. The third state habeas petition was filed in the California Supreme Court on September 15, 2009, and was denied on November 10, 2009. The fourth state habeas petition was filed in the California Supreme Court on October 7, 2009, and was denied on November 10, 2009. The fifth state habeas petition was filed in the Alameda County Superior Court on October 8, 2009, and was denied on October 28, 2009.

Smith's next efforts to obtain state collateral review started in late 2011. The sixth state habeas petition was filed in the Alameda County Superior Court on September 29, 2011, and was denied on November 17, 2011. The seventh state habeas petition was filed in the California Court of Appeal on November 23, 2011, and was denied on December 1, 2011. The eighth state petition – a petition for writ of mandate – was filed in the Alameda County Superior Court on November 29, 2011, and was denied on December 22, 2011. The ninth state petition – another petition for writ of mandate – was filed in the California Court of Appeal on January 5, 2012, and was denied on January 11, 2012.

Smith then filed this action, seeking a writ of habeas corpus. His federal petition has a signature date of January 3, 2013, came to the court in an envelope with a January 8, 2013 postmark, and was stamped "filed" at the court on January 15, 2013. For purposes of the present motion, the court assumes the petition was mailed on the day it was signed, despite the absence of a proof of service. Due to Smith's status as a prisoner proceeding *pro se*, he receives the benefit of the prisoner mailbox rule, which deems most documents filed when they are given to prison officials to mail to the court rather than the day the document reaches the courthouse. *See Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). His federal petition is deemed

2

filed as of January 3, 2013.

## DISCUSSION

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time has passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(A-D).

Here, the judgment became final and the limitations period started on August 18, 2009, 90 days after the California Supreme Court denied Smith's petition for review on May 20, 2009. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (direct review period includes the period during which the petitioner could have sought further direct review, regardless of whether he did file a petition in the U.S. Supreme Court).  His presumptive deadline to file his federal petition was August 18, 2010.

The one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  A state habeas petition is considered pending not only for the time the case is open on the docket of some court, but also for the time period between state habeas petitions if the petitioner files the later state habeas petition at a higher level court and does so "within what California would consider a 'reasonable time.'" *Evans v. Chavis*, 546 U.S. 189, 197-98 (2006); *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).

Smith is entitled to some statutory tolling for several of his state habeas petitions.[1]  He

---

[1] The prisoner mailbox rule also generally applies to the filing of state petitions for the purposes of calculating the AEDPA limitation period.  That is, the one-year limitation period is tolled under 28 U.S.C. § 2244(d)(2) starting on the day a California prisoner delivers his state petition to prison authorities for forwarding to the court.  *See Stillman*, 319 F.3d at 1201; *see*

3

1 is entitled to tolling for the time during which his first state habeas petition was actually on file
2 and awaiting a decision, but not entitled to tolling for the gap of twelve days between the denial
3 of that petition and the filing of the second state habeas petition because the latter petition was
4 not filed in a higher level court. Smith also is entitled to tolling for the time during which his
5 second petition was pending until his fourth petition was denied on November 2009 because
6 some petition (whether it be the second, third, fourth, or fifth petition) was actually pending
7 during this entire time. (Smith's fifth petition had been denied before the fourth petition was
8 denied.) After deducting the untolled time of 18 days (i.e., the 6 days before the first petition
9 was filed and the 12 days between the first and second petitions), there were 347 days remaining
10 in the limitations period when the last of Smith's 2009 petitions was denied on November 10,
11 2009. Smith then had a new deadline of October 23, 2010 to get to federal court or to cause a
12 new tolling event.

13 Smith's next efforts to obtain state collateral review started on September 29, 2011, about
14 eleven months after his limitations period had expired. His state petitions filed on September
15 29, 2011 and later did not toll the limitations period that had already expired. *See Ferguson v.*
16 *Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

17 The one-year limitations period can be equitably tolled because § 2244(d) is not
18 jurisdictional. *Holland v. Florida*, 560 U.S. 631 , 645 (2010). "'A litigant seeking equitable
19 tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights
20 diligently, and (2) that some extraordinary circumstance stood in his way.'" *Id.* at 655 (quoting
21 *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Smith has not shown any basis for equitable
22 tolling of the limitations period.

23 After allowing tolling for the state habeas petitions that were filed in 2009, the habeas
24 statute of limitations period for Smith expired on October 23, 2010. Smith's federal petition filed

26 *also Orpiada v. McDaniel*, No. 12-17131, slip op. at 6-7 (9th Cir. May 7, 2014). Here, there
27 are signature dates on some of the state petitions, but Smith has not made any statement as to whether and when he actually gave the state habeas petitions to prison officials to mail to the state courts. It is not necessary for the parties to further develop the record on the mailing dates
28 of the state petitions because the mailbox rule would not make a difference to the ultimate outcome of this case in which the petitioner missed the deadline by many months.

4

on January 3, 2013 is time-barred.

A certificate of appealability will not issue because this is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## CONCLUSION

Respondent's motion to dismiss is GRANTED. (Docket # 14). The petition for writ of habeas corpus is dismissed because it was not filed before the expiration of the limitations period in 28 U.S.C. § 2244(d)(1). The clerk will close the file.

IT IS SO ORDERED.

DATED: May 22, 2014

_____
SUSAN ILLSTON
United States District Judge

5